Robert SIEVERT and Patricia Sievert, Plaintiffs-Respondents-Cross-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellant-Cross-Respondent,†

BANKERS LIFE & CASUALTY COMPANY, Defendant-Respondent.

Court of Appeals

*No. 93–0272. Submitted on briefs October 18, 1993. Oral argument October 18, 1993.—Decided November 30, 1993.*

(Also reported in 509 N.W.2d 75.)

†Petition to review granted.

On behalf of defendant-appellant-cross-respondent, the cause was submitted on the briefs of *Bruce B. Deadman* of *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

On behalf of plaintiffs-respondents-cross-appellants, the cause was submitted on the brief of *Michael S. Siddall* of *Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

Before Cane, P.J., LaRocque and Dykman, JJ.

LaROCQUE, J.  American Family Mutual Insurance Company appeals an order granting a new trial in the interest of justice to Robert and Patricia Sievert. It also appeals the court's refusal to submit a verdict question allowing the jury to find American Family immune from liability under the recreational immunity statute, sec. 895.52, Stats. We conclude that the record supports the court's order of a new trial in the interest of justice pursuant to sec. 805.15(1), Stats. We further conclude that the recreational immunity statute does not apply to the facts of this case. We therefore affirm the trial court with respect to American Family's appeal.

The Sieverts cross-appeal the court's denial of their motion to change the jury's answer to the special verdict from a finding of no negligence to a finding of negligence as a matter of law. They argue that no credible evidence supports a finding that American Family's insured was not negligent. We conclude that there is credible evidence to support the verdict and therefore affirm. We need not consider the court's alleged error in permitting American Family to continually refer to its insureds, who were not included in the lawsuit, as parties.

This case arises out of a personal injury accident. On August 1, 1988, Everett Pierre pointed his pontoon boat toward the shore in front of his summer cottage, tied each side of it to his separate docks on either side of the boat, and turned on the boat's engine. He was attempting to remove silt from the bottom of the lake. During this procedure, Pierre's neighbor, Robert Sievert, went to say hello to Pierre, who was in the water by the boat. Sievert had not been invited. Sievert

proceeded to walk on one of the docks to which the boat was tied; the entrance had not been blocked. As he reached the end section of the dock, it collapsed and he fell into approximately four feet of water, fracturing his right heel.

The Sieverts filed suit alleging negligence in the design, construction, maintenance and use of the dock. The complaint initially named the Pierres and their insurer, American Family, as defendants, but the claims against the Pierres were later dismissed. During the trial, the jury heard extensive testimony from both Pierre and an engineer regarding the dock's construction. At the conclusion of the testimony, the Sieverts moved for a directed verdict on the issue of Pierre's negligence. The court denied the motion.

Prior to instructing the jury, American Family requested an instruction that would permit the jury to find American Family immune from liability under the recreational immunity statute, sec. 895.52, Stats. The court denied the request, concluding that under the facts before it, sec. 895.52 was inapplicable as a matter of law. The case was submitted to the jury, and it returned a verdict finding neither Pierre nor Sievert negligent. On alternative motions after verdict, the Sieverts moved for judgment notwithstanding the verdict, to change the answer in the verdict finding Pierre was not negligent from "no" to "yes," or for a new trial. At a hearing on the motions, the court found credible evidence to support the verdict and denied the motions for judgment notwithstanding the verdict and to change the answer. It took the motion for new trial under advisement and later ordered a new trial in the interest of justice because it concluded that the great weight and clear preponderance of the evidence demonstrated Pierre negligently used his dock. We granted

American Family's petition for leave to appeal the trial court's order, and the respective appeals and cross-appeals followed. Additional facts will be discussed as needed.

American Family argues that the circuit court erred by granting a new trial in the interest of justice. A new trial may be granted in the interest of justice when the jury findings are contrary to the great weight and clear preponderance of the evidence, even though the findings are supported by credible evidence. *Krolikowski v. C&NW Transp. Co.*, 89 Wis. 2d 573, 580, 278 N.W.2d 865, 867-68 (1979). This court owes great deference to a court's decision granting a new trial. This is because the order is itself discretionary, and the trial court is in the best position to observe and evaluate the evidence. *Id.* at 581, 278 N.W.2d at 868. Thus, a decision to grant a new trial in the interest of justice will not be disturbed unless the court clearly abused its discretion. *Id.* at 580, 278 N.W.2d at 868.

Our role is not to seek to sustain the jury's verdict but to look for reasons to sustain the trial court. *Id.; see also Larry v. Commercial Union Ins. Co.*, 88 Wis. 2d 728, 733, 277 N.W.2d 821, 823 (1979). No abuse of discretion is found where the trial court sets forth a reasonable basis for its determination that one or more material answers in the verdict is against the great weight and clear preponderance of the evidence. *Krolikowski*, 89 Wis. 2d at 581, 278 N.W.2d at 868. There is an abuse of discretion if the trial court grounds its decision upon a mistaken view of the evidence or an erroneous view of the law. *Id.*

431

■ In reviewing the record, we conclude that the court did not erroneously exercise its discretion by granting a new trial. The court concluded that the interest of justice required a new trial because the great weight and clear preponderance of the evidence indicated Pierre negligently used his dock. The court's basis for its conclusion was an engineer's expert testimony that the force pulling the dock sideways was multiplied four times by Pierre's boat. The court concluded that this force, coupled with a weakened dock, caused the collapse, and further inferred from this evidence that Pierre's use of the dock in this manner without blocking the entrance to it was negligent. The court also considered that American Family effectively offered no evidence that would demonstrate Pierre's use of his boat was not negligent, but only offered evidence that he and his neighbors used their boats in an identical fashion in the past.

The court's stated basis for granting a new trial was a reasonable ground for concluding that the verdict of no negligence was against the clear preponderance of evidence. At trial, an expert engineer testified at length about the deficiencies in the dock's construction. Some of these included the lack of connection between the dock supports and the dock, deficient placement of bolts, improperly placed nails and the use of untreated wood in the dock's construction. At every juncture, he indicated these deficiencies weakened the dock and contributed to its failure. He further explained how Pierre's use of his boat increased the force pulling the dock to the side four times or more. His testimony was summed up by his conclusion that the dock was inadequately designed and constructed, and that it was not designed for the use to which Pierre

was putting it. Even Pierre agreed that the accident probably would not have happened if he had not been running his boat in a manner to put extra torque and strain on the dock.

This evidence supports the court's conclusion that the great weight and clear preponderance of the evidence demonstrated that while the dock was sufficiently constructed for normal uses, it was not constructed to withstand the abnormal forces applied to it by Pierre's boat. This evidence further supports the inference that anyone who constructed a dock in this fashion was negligent to apply strong and abnormal forces to the dock without first securing the area.

■

American Family argues that the decision to grant a new trial is "fraught with inconsistencies." It claims that the court could not consistently find credible evidence to support the verdict, and thereby deny motions for directed verdict, while simultaneously finding the verdict to be contrary to the great weight and clear preponderance of the evidence. We disagree. Section 805.14, Stats.,[1] makes clear that motions challenging the sufficiency of evidence to support a verdict or an answer in a verdict are only to be granted if no credible evidence supports the verdict. This standard is more stringent than that permitting a new trial in the interest of justice if the verdict is contrary to the great

---

[1] Section 805.14(1) states:

**Motions challenging sufficiency of evidence; motions after verdict. (1)** TEST OF SUFFICIENCY OF EVIDENCE. No motion challenging the sufficiency of the evidence as a matter of law to support a verdict, or an answer in a verdict, shall be granted unless the court is satisfied that, considering all credible evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion is made, there is no credible evidence to sustain a finding in favor of such party.

weight and clear preponderance of the evidence. Thus, verdicts can be against the great weight of evidence even though supported by credible evidence. *Krolikowski*, 89 Wis. 2d at 580, 278 N.W.2d at 867-68.

American Family further argues that the trial court had an erroneous view of the law because its decision was based on the erroneous assumption that someone had to have been negligent. While the law recognizes that not all accidents arise as a result of fault, *see, e.g., Millonig v. Bakken*, 112 Wis. 2d 445, 452, 334 N.W.2d 80, 84 (1983), the trial court's decision does not reflect a contrary view. The court did not assume someone had to be a negligent cause of the accident, but rather that the great weight and clear preponderance of the evidence indicated that Pierre was negligent. We therefore conclude that the trial court did not erroneously exercise its discretion by granting a new trial in the interest of justice.

■

American Family also argues that the trial court erred by concluding as a matter of law that Sievert's activities did not fall within the scope of sec. 895.52, Stats., the recreational immunity statute, and by refusing to submit a special verdict on the matter to the jury. The court based its conclusion on its view that the evidence did not demonstrate that Pierre's cottage was held open to the public as recreational property and that Sievert was not engaged in a recreational activity as a matter of law when he paid a social visit to Pierre. On appeal, American Family asserts that Sievert was engaged in a recreational activity within the meaning of sec. 895.52 when he walked, uninvited, onto Pierre's dock to say hello. It further argues that the Pierres' cottage was a recreational property within the meaning of sec. 895.52. It therefore concludes that it cannot

be liable for the injury Sievert suffered while recreating at the Pierres. We disagree.

Section 895.52(2)(a), Stats., states:

> Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner owes to any person who enters the owner's property to engage in a recreational activity:
> 1. A duty to keep the property safe for recreational activities.
> 2. A duty to inspect the property, except as provided under s. 23.115(2).
> 3. A duty to give warning of an unsafe condition, use or activity on the property.

This statute limits the liability of property owners for the injuries to others occurring on the owner's property. Immunity only applies when persons are on the property to engage in a recreational activity. Whether an activity is a recreational activity under sec. 895.52 requires interpretation and application of the statute; this is a question of law that we review de novo. *Sauer v. Reliance Ins. Co.*, 152 Wis. 2d 234, 240, 448 N.W.2d 256, 259 (Ct. App. 1989).

Recreational activities are defined under sec. 895.52(1)(g), Stats., as:

> any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure, including practice or instruction in any such activity. "Recreational activity" includes, but is not limited to, hunting, fishing, trapping, camping, picnicking, exploring caves, nature study, bicycling, horseback riding, bird-watching, motorcycling, operating an all-terrain vehicle, ballooning, hang gliding, hiking, tobogganing, sledding, sleigh riding, snowmobiling, skiing, skating, water sports, sight-seeing, rock-

climbing, cutting or removing wood, climbing observation towers, animal training, harvesting the products of nature and any other outdoor sport, game or educational activity, but does not include any organized team sport activity sponsored by the owner of the property on which the activity takes place.

While the legislature did not intend this list to be exhaustive,[2] we conclude that visiting a neighbor for the purpose of saying hello is not the same type of activity as the class of recreational activities enumerated by the statute.

■

The impetus for recreational immunity laws is the continual shrinkage of the public's access to recreational land in an ever more populated world. *Silingo v. Mukwonago*, 156 Wis. 2d 536, 544, 458 N.W.2d 379, 382 (Ct. App. 1990). The legislature enacted sec. 895.52, Stats., to encourage landowners to open their land to the public by limiting the owner's liability to third parties using the land for recreational purposes. *Id.* This purpose is not furthered by concluding that a visit to one's neighbor to say hello is a recreational activity. People accept visits from their neighbors because it is the friendly, social and civil thing to do, not because they are immune from liability. Granting immunity in this instance would not encourage other residential homeowners to further open their lands to

---

[2] In enacting this statute, 1983 Act 418, § 1 states in part:

While it is not possible to specify in a statute every activity which might constitute a recreational activity, this act provides examples of the kinds of activities that are meant to be included, and the legislature intends that, where substantially similar circumstances or activities exist, this legislation should be liberally construed in favor of property owners to protect them from liability.

the public for the types of activities enumerated in sec. 895.52(1)(g). Conversely, permitting liability will not prevent neighbors from saying hello to each other.

The Sievert's cross-appeal and argue that the court erred by failing to change the jury's finding that Pierre was not negligent to a finding that he was negligent. They assert that undisputed testimony demonstrated that Pierre was negligent as a matter of law, and that no credible evidence supports a finding of no negligence. We disagree.

On appeal on motion after verdict, all that is required to sustain the verdict is any credible evidence. *Chart v. General Motors Corp.*, 80 Wis. 2d 91, 107, 258 N.W.2d 680, 687 (1977). Here, the court made specific findings that the verdict could be supported by credible evidence. Specifically, the court noted the verdict was supported by testimony that Pierre had tried to turn off the boat as Sievert was walking on the dock. The court concluded that this was credible evidence from which a jury might find Pierre acted reasonably. We agree this is credible evidence from which a jury might conclude that Pierre was not negligent.

In conclusion, the court's orders granting the Sieverts a new trial, determining recreational immunity defense was inapplicable and denying the motion to change the verdict answer are affirmed. Because we affirm the order granting a new trial, we do not reach the Sieverts' claim that the court erred by permitting American Family to refer to the Pierres as parties.

*By the Court.*—Order affirmed.