PER CURIAM.
¶ 1 Ryan Mansky and his insurer, Integrity Property and Casualty Company of Wisconsin, (collectively, Mansky) appeal a money judgment in favor of Kimberly Lueck. Lueck sustained injuries while engaging in water activities behind a boat piloted by Mansky, and she brought the present negligence action against Mansky seeking to recover for those injuries. A jury found in favor of Lueck and the circuit court entered judgment upon that verdict. Mansky contends that the answer to one of two special verdict questions submitted to the jury should be changed, and that he is entitled to a new trial because the jury's verdict is against the great weight and clear preponderance of the evidence.[1] For the reasons discussed below, we affirm.
BACKGROUND
¶ 2 The following facts are undisputed. On June 28, 2014, Lueck was kneeboarding behind a boat piloted by Mansky. After Lueck fell off the kneeboard, Mansky brought the passenger side of the boat alongside Lueck. Lueck indicated to the passengers on the boat that she wanted to kneeboard again, and while she was waiting for the tow rope, there was contact between her right leg and left foot and the boat's propeller. As a result, she sustained serious injuries that ultimately required surgery.
¶ 3 Lueck brought suit against Mansky alleging that, at the time of her injuries, the propeller was moving by force of the motor, and that Mansky was negligent in: failing to be attentive of Lueck's location; failing to maintain a proper lookout; and in his operation of the boat. The case was tried to a jury. The jury was presented with two special verdict questions. The first question read: "Was the engine in gear[,] such that the propeller was activated and moving when [ ] Lueck was injured?" The second question asked the jury to determine damages. On June 30, 2016, the jury answered yes to the first question. The jury's answer to the second question is not part of this appeal.
¶ 4 Lueck moved for judgment on the verdict, and Mansky requested that the circuit court change the jury's answer to special verdict question 1, see WIS. STAT. § 805.14(5)(c), or alternatively, for a new trial under WIS. STAT. § 805.15(1), on the grounds that the jury's answer to special verdict question 1 is against the great weight and clear preponderance of the evidence and in the interest of justice. In an order dated October 11, 2016, the court stated that, pursuant to WIS. STAT. § 805.16(3), it was required to enter judgment in favor of Lueck because the court had not announced its decision on Mansky's motion within ninety days of the jury's verdict.[2] A money judgment was subsequently entered in favor of Lueck. Mansky appeals.
¶ 5 We set forth additional facts below where necessary.
DISCUSSION
¶ 6 Mansky contends that, pursuant to WIS. STAT. § 805.14(5)(c), the jury's answer to special verdict question 1 should be changed. He contends, in the alternative, that he should be granted a new trial pursuant to WIS. STAT. § 805.15(1) because the verdict is contrary to the great weight and clear preponderance of the evidence. We address each contention in turn below.
A. There was Sufficient Evidence to Support the Jury's Verdict
¶ 7 Mansky contends that insufficient evidence was presented at trial to support the jury's answer to question 1 of the special verdict, which, to repeat, asked whether "the engine [was] in gear[,] such that the propeller was activated and moving when [ ] Lueck was injured," and that, pursuant to WIS. STAT. § 804.14(5)(c), the jury's answer to that question should be changed. We disagree.
¶ 8 A motion to change a jury's special verdict answer challenges the sufficiency of the evidence to sustain the answer. WIS. STAT. § 805.14(1) ; State v.Michael J.W. , 210 Wis. 2d 132, 143, 565 N.W.2d 179 (Ct. App. 1997). We review challenges to the sufficiency of the evidence de novo, applying the same standards as the circuit court. State v. Wanta , 224 Wis. 2d 679, 688, 592 N.W.2d 645 (1999). A jury's verdict will not be disturbed if there is "any credible evidence" to support the verdict. Giese v. Montgomery Ward, Inc. , 111 Wis. 2d 392, 408, 331 N.W.2d 585 (1983). On review, we search the record for any such evidence, viewing the evidence in the light most favorable to the verdict. Weber v. Chicago & Nw. Transp. Co. , 191 Wis. 2d 626, 632, 530 N.W.2d 25 (Ct. App. 1995) ; and Heideman v. American Family Ins. Grp. , 163 Wis. 2d 847, 863-64, 473 N.W.2d 14 (Ct. App. 1991). If credible evidence and any inferences therefrom support the verdict, we must uphold the jury's findings even if there is strong, contrary evidence. See Weiss v. United Fire & Cas. Co. , 197 Wis. 2d 365, 389-90, 541 N.W.2d 753 (1995) ; WIS. STAT. § 805.14(1).
¶ 9 Mansky argues that there is a "lack of any credible evidence to support" the jury's answers to question 1 of the special verdict. Mansky points out the following: no witness testified to contemporaneous knowledge that the boat was in gear at the time of the accident; Lueck testified that she had "no idea" whether the propeller was moving by force of the motor when she was injured; an EMS provider who treated Lueck testified that Lueck told her that "[a]t the time of the injury[,] the boat motor was not running and the propeller was still"; and the defense's expert, Richard Snyder, an engineer and longtime employee of Mercury Marine, opined that Lueck's injuries were not caused by the propeller moving by force of the motor because, had that been the case, she would have sustained additional cuts to her extremities. Mansky acknowledges that Dr. Carla Pugh, Lueck's expert witness and also her treating physician, testified that Lueck suffered a penetrating injury that Dr. Pugh believed was caused by a propeller moving by force of the motor. Mansky asserts, however, that Dr. Pugh's testimony is not credible.[3]
¶ 10 The weight and credibility of witnesses' testimony is a matter for the fact finder, here the jury. See State v. Peppertree Resort Villas, Inc. , 2002 WI App 207, ¶ 19, 257 Wis. 2d 421, 651 N.W.2d 345. We will not overturn a credibility determination on appeal "unless [the credibility determination is] inherently or patently incredible or [is] in conflict with the uniform course of nature or with fully established or conceded facts." Global Steel Prods. Corp. v. Ecklund Carriers, Inc. , 2002 WI App 91, ¶ 10, 253 Wis. 2d 588, 644 N.W.2d 269.
¶ 11 Mansky asserts that Dr. Pugh's testimony that Lueck was injured by a propeller moving by force of the motor and not by the impact of a propeller not moving by the force of the motor is not credible because Dr. Pugh: had never treated a patient injured by a propeller moving by force of the motor; did not have an opinion as to what part of the propeller blade hit Lueck's leg; did not have an opinion as to whether the boat was moving forward or backward at the time of Lueck's injury; could not say how many times Lueck was struck by a propeller blade; and did not know the rotational speeds of boat propeller blades. However, even if we assume as true each of these points, Mansky does not explain how or why any or all render her testimony "inherently or patently incredible." In addition, although Mansky argues that Dr. Pugh's testimony conflicts with his own expert's testimony, he does not argue that Dr. Pugh's testimony is "in conflict with the uniform course of nature or with fully established or conceded facts." See id. For these reasons, we reject Mansky's contention that the jury's answer to special verdict question 1 should be changed.
B. The Jury's Verdict is Not Contrary to the Great Weight of the Evidence
¶ 12 Mansky contends that he is entitled to a new trial under WIS. STAT. § 805.15(1) because the jury's answer to question 1 is contrary to the great weight and clear preponderance of the evidence.
¶ 13 Under WIS. STAT. § 805.15(1), a circuit court may grant a new trial if the jury's verdict is contrary to "the weight of evidence," which we are directed to interpret to mean the great weight and clear preponderance of the evidence. See Krolikowski v. Chicago & Nw. Transp. Co., Inc. , 89 Wis. 2d 573, 580, 278 N.W.2d 865 (1979) (a court may grant a new trial in the interest of justice where it concludes "the jury['s] findings are contrary to the great weight and clear preponderance of the evidence"). The standard for permitting a new trial where the verdict is contrary to the weight of the evidence is less stringent than the standard for changing a jury's verdict under WIS. STAT. § 805.14. See Sievert v. American Family Mut. Ins. Co. , 180 Wis. 2d 426, 433-34, 509 N.W.2d 75 (Ct. App. 1993), aff'd, 190 Wis. 2d 623, 528 N.W.2d 413 (1995). "[V]erdicts can be against the great weight of evidence even though supported by credible evidence." Id. at 434.
¶ 14 We generally review a circuit court's decision to grant or deny a new trial under WIS. STAT. § 805.15(1) for an erroneous exercise of discretion. See id. at 431. However, in this case the court did not exercise its discretion and instead ordered that the motion be denied pursuant to WIS. STAT. § 805.16(3) because more than ninety days had passed since the jury returned its verdict. When the circuit court does not exercise its discretion, we independently review the evidence and examine the issue anew. See Lecander v. Billmeyer , 171 Wis. 2d 593, 603, 492 N.W.2d 167 (Ct. App. 1992).[4] Doing so here, we conclude that the jury's verdict is not against the great weight and clear preponderance of the evidence and, thus, Mansky is not entitled to a new trial under WIS. STAT. § 805.15(1).
¶ 15 Mansky points to the following evidence, some of which we have also summarized above:
• Mansky testified that the boat was in neutral when the accident occurred and none of the other individuals who were on the boat testified that the boat was in gear at the time of the accident.
• Matthew Plendl, who was on the boat at the time of the accident, testified that "[i]t didn't feel like [the boat was] moving at all."
• Lueck testified that she had no idea whether the propeller was moving when she was injured, and the EMS provider who treated Lueck testified that his report on the incident indicated that Lueck told him that "[a]t the time of the injury the boat motor as not running and the propeller was still" and that she sustained the injury to left foot "[i]n the process of climbing into the boat."
• Snyder testified that a moving propeller could not have caused Lueck's injuries. Snyder testified that he would expect to see multiple cuts in an accident involving a moving propeller because of the manner in which, and the speed at which, boat propeller blades rotate. Snyder testified that, in his opinion, Lueck's injuries were exactly what he would expect to see if the propeller blade was moving in an up and down motion relative to the water surface.
¶ 16 However, in contrast to the evidence pointed to by Mansky, there was evidence from which a jury could reasonably infer that the propeller was moving by force of the motor when Lueck was injured.
¶ 17 Dr. Pugh testified that Lueck sustained deep, penetrating injuries with smooth edges on the cuts of the skin. Dr. Pugh testified that the injuries were caused by an object moving at "high velocity," and that given their nature, the injuries had to have been caused by a propeller moving by the force of the motor, as suggested by Mansky.
¶ 18 There was no irrefutable evidence that the propeller was not moving by force of the motor at the time Lueck was injured. Each party presented evidence in the form of expert testimony that could support a finding that the propeller was or was not moving by force of the motor when Lueck was injured. Although there was evidence that Lueck's injuries could have been caused by a propeller that was not moving by force of the motor, we cannot say that inference was so compelling that the jury erred in reaching the opposite conclusion. Accordingly, we conclude that the jury's verdict is not contrary to the great weight and clear preponderance of the evidence. We, therefore, reject Mansky's contention that he is entitled to a new trial under WIS. STAT. § 805.15(1) because the evidence is contrary to the great weight and clear preponderance of the evidence.
CONCLUSION
¶ 19 For the reasons discussed above, we affirm.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Under Wis. Stat. § 805.15(1) (2015-16), "A party may move to set aside a verdict and for a new trial because ... the verdict is contrary ... to the weight of evidence, ... or in the interest of justice." Mansky also asserts on appeal that he is entitled to a new trial pursuant to § 805.15(1)"because [the jury's verdict] is contrary to ... the interests of justice." To the extent that Mansky is asserting that he is entitled to a new trial under § 805.15(1) in the interest of justice as a basis separate and distinct from his assertion that he is entitled to a new trial under § 805.15(1) because the evidence is contrary to the great weight and clear preponderance of the evidence, Mansky does not present this court with any argument explaining why the interest of justice warrants a new trial. We do not address inadequately briefed arguments. See State v. Pettit , 171 Wis. 2d 627, 646-67, 492 N.W.2d 933 (Ct. App. 1992) (we will not decide issues that are inadequately briefed). To the extent that Mansky is asserting that the interest of justice warrants a new trial under § 805.15because the evidence is contrary to the great weight and clear preponderance of the evidence, we reject this argument for the same reasons we reject in ¶¶ 12-18 Mansky's argument that the jury's verdict is contrary to the great weight and clear preponderance of the evidence. To the extent that Mansky is arguing that this court should exercise its discretion under Wis. Stat. § 752.35 and set aside the jury's verdict in the interest of justice, Mansky has not presented this court with a developed argument as to why we should do so and we reject his argument on that basis. See Pettit , 171 Wis. 2d at 646-47.
All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Wisconsin Stat. § 805.16(3) provides:
If within 90 days after the verdict is rendered the court does not decide a motion after verdict on the record or the judge, or the clerk at the judge's written direction, does not sign an order deciding the motion, the motion is considered denied and judgment shall be entered on the verdict.

Mansky does not contend that Dr. Pugh's testimony was for any reason inadmissible.

Mansky argues that the circuit court erred in denying his motion on the basis of Wis. Stat. § 805.16(3) because the court had decided to grant the motion within ninety days of the verdict, but simply failed to pronounce that decision until after ninety days had passed and, as a result, the circuit court lost competency to make that decision. We do not address this argument because even if the court had issued the decision set forth in the court's October 3, 2016 decision within ninety days of the verdict and, in its discretion, granted Mansky's motion or new trial, our conclusion would be the same. We would conclude that the court erroneously exercised its discretion, for the reasons we provide in the text.