COURT OF APPEALS
DECISION
DATED AND FILED

April 16, 2020

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1685**

STATE OF WISCONSIN

Cir. Ct. No. 2012CV124

IN COURT OF APPEALS
DISTRICT IV

JAIME MARTINEZ AND MAGGIE MARTINEZ,

PLAINTIFFS-APPELLANTS,

KATHLEEN SEBELIUS, STATE OF WISCONSIN
DEPARTMENT OF HEALTH AND FAMILY SERVICES
AND MOLINA HEALTHCARE OF WISCONSIN, INC.,

INVOLUNTARY-PLAINTIFFS,

V.

REGENT INSURANCE COMPANY AND
C&B ENTERPRISES, LLC D/B/A COUNTRY KITCHEN,

DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Iowa County: MARGARET MARY KOEHLER, Judge. *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Jamie and Maggie Martinez appeal a judgment, following a jury trial, dismissing their claims against Country Kitchen, its owners Craig and Dawn Dougherty, and its insurer,[1] and an order denying the Martinezes' post-verdict motions.   The Martinezes argue that they are entitled to a new trial because, they contend:   (1) Country Kitchen failed to disclose an expert witness prior to trial, and the witness's testimony and supporting videotape evidence were false and misleading; and (2) the Doughertys intentionally destroyed videotape footage of the slip and fall of Jamie Martinez (Martinez) at the Country Kitchen restaurant.   For the reasons set forth in this opinion, we reject these arguments and accordingly affirm.

¶2      Martinez alleged that he was injured when he slipped and fell at the Country Kitchen restaurant in Dodgeville in July 2009.   The Martinezes brought this action for damages.

¶3      Prior to trial, the Martinezes moved for judgment or sanctions for spoliation based on the Doughertys' destruction of the videotape footage of Martinez's slip and fall at the Country Kitchen restaurant.  The circuit court denied the motion, finding that the destruction of the tapes was not intentional.   The Martinezes moved for reconsideration, which the circuit court denied after a hearing.

---

[1] The Doughertys were dismissed by stipulation prior to trial.  For ease of reading, respondents Country Kitchen and its insurer will be referred to collectively as "Country Kitchen."

¶4    On the third day of trial, Country Kitchen called private investigator Martin Alpstadt to testify regarding his surveillance of Martinez following the slip and fall.  The Martinezes objected, arguing that Alpstadt was being offered as an expert witness and that Country Kitchen had not disclosed Alpstadt as a proposed expert witness, as required by the court's pretrial order.  Country Kitchen argued that Alpstadt was not being offered as an expert witness because he would testify only as to facts, and there was no pretrial order requiring disclosure of lay witnesses.  The circuit court found that Alpstadt was not being offered as an expert witness because his testimony was not based on technical or other specialized knowledge, and that therefore Country Kitchen was not required to disclose him prior to trial.

¶5    The jury returned a special verdict finding Country Kitchen 20% negligent and Martinez 80% negligent.  The court entered an order denying the Martinezes' post-trial motions and a judgment dismissing the Martinezes' claims.  The Martinezes brought post-trial motions for a new trial.  They again moved for reconsideration of their motion for judgment or sanctions based on spoliation, arguing that Craig Dougherty's trial testimony further supported their spoliation argument.  They also argued that they were entitled to a new trial because Country Kitchen failed to timely disclose Alpstadt as an expert witness and failed to provide his supporting videotape evidence with its expert disclosure, and because Alpstadt's trial testimony and the videotape evidence were false and misleading.  The circuit court denied the motions, finding that there was no intentional destruction of evidence, failure to disclose an expert witness, or false and misleading trial evidence.  The Martinezes appeal.

¶6    A party may move for a new trial based on trial errors, a verdict contrary to the law or evidence, excessive damages, newly discovered evidence, or

in the interest of justice. WIS. STAT. § 805.15(1) (2017-18).[2] We review a circuit court's decision on a motion for a new trial for an erroneous exercise of discretion. *See Sievert v. American Family Mut. Ins. Co.*, 180 Wis. 2d 426, 431, 509 N.W.2d 75 (Ct. App. 1993). A circuit court's decision "whether to impose sanctions for the destruction or spoliation of evidence, and what sanction to impose, [are] committed to the [circuit] court's discretion." *Garfoot v. Fireman's Fund Ins. Co.*, 228 Wis. 2d 707, 717, 599 N.W.2d 411 (Ct. App. 1999). A circuit court's evidentiary rulings are also reviewed for an erroneous exercise of discretion. *Martindale v. Ripp*, 2001 WI 113, ¶28, 246 Wis. 2d 67, 629 N.W.2d 698. We affirm discretionary decisions if the court applied the correct law to the facts of record and reached a reasonable result using a rational method. *Id.*

¶7      The Martinezes contend that they are entitled to a new trial because the circuit court erred by allowing Country Kitchen to introduce Alpstadt's testimony and supporting video evidence. They contend that Alpstadt was offered as an expert witness, and that Country Kitchen was required to notify them of his proposed testimony in advance under the court's pretrial order. They contend that Alpstadt was an expert witness because he had specialized training and knowledge based on his experience as a police officer and detective, and that he had expert knowledge of this case based on his extensive surveillance of Martinez. They also contend that Alpstadt's ability to edit his five hours of surveillance video footage to a 26-minute clip that was introduced into evidence was a specialized skill that rendered him an expert. They argue that Alpstadt was an expert because his

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

testimony went beyond his own perceptions when he was asked to provide conclusions based on his observations. We are not persuaded.

¶8 Under WIS. STAT. § 907.01, a lay witness may offer opinions that are rationally based on the witness' perceptions, helpful to a clear understanding of the witness' testimony, and not based on specialized knowledge. An expert witness may offer opinions that are based on scientific, technical, or other specialized knowledge. WIS. STAT. § 907.02.

¶9 Here, Alpstadt testified regarding his observations of Martinez on job sites. He testified that he believed that Martinez was performing carpet cleaning work inside homes based on his observations of Martinez at those sites. Nothing in that testimony suggested reliance on specialized knowledge to give those observations and that conclusion. While the Martinezes point to Alpstadt's training and experience, they have not pointed to any of his testimony that appeared to rely on his specialized knowledge to form an opinion. Accordingly, we conclude that the circuit court properly exercised its discretion by admitting Alpstadt's testimony.

¶10 The Martinezes also argue that they are entitled to a new trial because Alpstadt's testimony, and the 26-minute video that Country Kitchen introduced during Alpstadt's testimony, were false and misleading. They contend that Alpstadt's testimony that Martinez performed carpet cleaning at job sites was false, because Alpstadt would not have been able to observe Martinez inside the homes to observe whether he was doing any physical work. They argue that Alpstadt's testimony that Martinez was the lead worker, and that a secondary worker usually stayed outside by the work van, was contrary to the total footage captured on the five hours of surveillance video. They also argue that the 26-

minute video, which Alpstadt created by editing five hours of surveillance video, was misleading because it left out footage of other employees doing work. We are not persuaded that the Martinezes are entitled to a new trial on this basis.

¶11    The circuit court found that the Martinezes were not entitled to a new trial in the interest of justice based on their claim that Alpstadt's trial testimony and the 26-minute video clip were false and misleading. The court explained that the proposed witness and evidence were available to the Martinezes through pretrial discovery or a request for a pretrial order to disclose lay witnesses. The court also noted that the Martinezes had the option at trial to request a recess to allow the Martinezes to review the five-hour video in full and then to use portions of the video in cross-examination. The court found, after its review of the full five-hour video, that Alpstadt's testimony and the 26-minute clip shown to the jury were consistent with the remainder of the video footage.

¶12    The Martinezes have not established that the circuit court erroneously exercised its discretion by denying the Martinez's post-trial motion for a new trial based on the argument that Alpstadt's testimony and the 26-minute video clip were false and misleading. The circuit court relied on the proper legal standard, the relevant facts, and a rational process of reasoning to determine that the Martinezes were not entitled to a new trial because they could have obtained the evidence prior to trial or made use of it when they discovered it during trial. The Martinezes do not persuasively dispute the court's reasoning. Their only argument is that a continuance would have delayed trial, contrary to their promise to the jury that the trial would be completed by the end of the week and that they had inadequate time to adequately prepare a response mid-trial. Moreover, the Martinezes have not established that the circuit court erred by finding that the full

five-hour video was consistent with the trial evidence. We discern no basis to disturb the court's exercise of discretion.

¶13    Finally, the Martinezes argue that they are entitled to a new trial based on the destruction of the surveillance videotape of Martinez's slip and fall. They contend that the Doughertys knew the surveillance videotape of Martinez's slip and fall was relevant evidence in a potential lawsuit. They contend that, despite that awareness, Craig Dougherty threw away the computer and hard drive on which the surveillance video was located, and also deleted the surveillance video subfiles. They contend that the destruction of the surveillance video was intentional and egregious, citing Craig Dougherty's trial testimony that he had surveillance video on his laptop that was missing the footage of the actual slip and fall, but could not explain how the surveillance video got there.

¶14    "Spoliation is the 'intentional destruction, mutilation, alteration, or concealment of evidence.'" *See American Family Mut. Ins. Co. v. Golke*, 2009 WI 81, ¶21, 319 Wis. 2d 397, 768 N.W.2d 729 (quoted source omitted).

¶15    Here, the circuit court found that the Doughertys did not act intentionally or egregiously in destroying the surveillance video footage of Martinez's slip and fall. Rather, the circuit court found that Craig Dougherty was untrained in the Country Kitchen restaurant's new surveillance system, and made errors in his attempts to capture and save the footage. While the Martinezes assert that different findings could have been made based on the evidence, they have not established that the circuit court erroneously exercised its discretion by denying the Martinezes' motion based on a spoliation claim. We affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.