COURT OF APPEALS
DECISION
DATED AND FILED

March 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1786**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV384

IN COURT OF APPEALS
DISTRICT I

---

ESTATE OF ANGEL CASTILLO-RIVERA BY DINORA OTERO DE CASTILLO, SPECIAL ADMINISTRATOR, AND DINORA OTERO DE CASTILLO, INDIVIDUALLY,

PLAINTIFFS-RESPONDENTS,

V.

BRIAN C. BROWN, MILWAUKEE TRANSPORT SERVICES INC. A/K/A MILWAUKEE COUNTY TRANSIT SYSTEM, WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION AND MILWAUKEE COUNTY,

DEFENDANTS-APPELLANTS.

---

APPEAL from an order of the circuit court for Milwaukee County: CHRISTOPHER R. FOLEY, Judge. *Affirmed*.

Before White, C.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.[1]  Brian C. Brown, Milwaukee Transport Services, Inc., Wisconsin County Mutual Insurance Corporation, and Milwaukee County appeal from an order of the trial court granting a new trial in the interest of justice in this wrongful death action filed by the Estate of Angel Castillo-Rivera and Dinora Otero de Castillo.[2]  For the reasons set forth below, we affirm.

## BACKGROUND

¶2     On February 25, 2018, Castillo-Rivera was crossing 35th Street at the intersection of Wisconsin Avenue and 35th Street when he was hit and killed by a city bus driven by Brown.  At the time of the accident, Brown was making a right turn from Wisconsin Avenue on to 35th Street.

¶3     Castillo-Rivera filed a complaint alleging that Brown was negligent, and the case proceeded to a three-day jury trial, after which the jury returned a verdict finding Brown was not negligent and Castillo-Rivera's negligence "was a cause of the accident."  The jury awarded $100,000 for "conscious pain and suffering" to Castillo-Rivera's estate and $100,000 for "the loss of society and companionship" to Dinora Otero de Castillo. ¶3 At the trial, the jury heard testimony from several witnesses, including Brown, investigating detectives, and an expert who analyzed the accident.  The jury also saw several exhibits, including pictures of the accident taken from bus and street cameras, and diagrams of the

---

[1] This court granted leave to appeal the order.  *See* WIS. STAT. RULE 809.50(3) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reference, we refer collectively to the parties in this appeal as "Brown" and "Castillo-Rivera."

intersection reconstructing the accident and what can be seen from the driver's seat of the bus.

¶4      As established by the evidence introduced at trial, the accident occurred around midnight on February 25, 2018, during heavy rain and windy conditions.  Brown was finishing his route for the night, and he dropped Castillo-Rivera off at the bus stop just east of the intersection of Wisconsin Avenue and 35th Street.  Brown then proceeded to the intersection, where he waited at the red light.  While he was waiting at the red light, Brown checked his cell phone for a response from his girlfriend about whether she could pick him up after his shift, and he put his phone back in his pocket.  When the light turned green, Brown proceeded to make a right turn from Wisconsin Avenue on to 35th Street, and Castillo-Rivera was struck by the bus as he was crossing 35th Street.

¶5      Following the trial, Castillo-Rivera moved for a new trial in the interest of justice.  In particular, Castillo-Rivera moved "for an order setting aside the verdict in this action and for a new trial in the interest of justice, pursuant to WIS. STAT. § 805.15."  The trial court granted Castillo-Rivera's motion and found that:

> The no negligence finding as to Mr. Brown is against the great weight and clear preponderance of the evidence in that it completely disregards video evidence [showing that] Mr. Brown failed to make any reasonable effort during the [fifteen to twenty] second stop period to observe the northeast corner of the intersection.

Brown petitioned for leave to appeal the trial court's order, which this court granted; additional relevant facts will bet set forth as necessary.

3

## DISCUSSION

¶6      On appeal, Brown argues that Castillo-Rivera is not entitled to a new trial.  In particular, Brown argues that the trial court's decision "effectively changed" the jury's verdict and, as a result, the trial court should have reviewed Castillo-Rivera's motion as one for a directed verdict or changed verdict, using the standard of whether there was credible evidence to support the jury's verdict.  Brown further argues that, applying the proper standard, the jury's verdict should be upheld, and Castillo-Rivera should not be granted a new trial.  Alternatively, Brown argues that the jury's verdict was not against the great weight and clear preponderance of the evidence, and Castillo-Rivera is also not entitled to a new trial under this standard.

¶7      Following a trial, "[a] party may move to set aside a verdict and for a new trial … because the verdict is contrary to law or to the weight of evidence, or because of excessive or inadequate damages … or in the interest of justice."  WIS. STAT. § 805.15(1).  Citing § 805.15, Castillo-Rivera moved "for an order setting aside the verdict in this action and for a new trial in the interest of justice, as the verdict was against the great weight and clear preponderance of the evidence."

¶8      Both Castillo-Rivera and Brown then cited WIS. STAT. § 805.15 as the operative statute in their briefs to the trial court and applied the great weight and clear preponderance of the evidence as the controlling standard.  In the trial court's written decision granting Castillo-Rivera's motion, the trial court applied this same statute and standard and stated, "The no negligence finding as to Mr. Brown is against the great weight and clear preponderance of the evidence[.]"  Clearly, the record supports a conclusion that the parties and the trial court

4

considered Castillo-Rivera's motion as one for a new trial in the interest of justice under § 805.15(1).

¶9      Nevertheless, Brown argues on appeal that the trial court's analysis "effectively changed" the jury's verdict as is done under WIS. STAT. § 805.14 for a motion for a directed verdict or a changed verdict; therefore, Brown contends that the proper standard is whether there is no credible evidence to sustain the jury's verdict.  *See* WIS. STAT. § 805.14(1), (5).  In essence, we construe Brown's argument as a request that Castillo-Rivera's motion for a new trial in the interest of justice be converted to a motion for a directed verdict or a changed verdict made pursuant to § 805.14.

¶10     We reject Brown's *ex post facto* attempt to convert Castillo-Rivera's motion to one made under WIS. STAT. § 805.14.  The process for a directed verdict or a changed verdict is legally distinct from the process for a new trial in the interest of justice.  Indeed, § 805.14 grants the trial court the authority to disregard or change a jury's verdict without also requiring that the trial court grant a new trial.  *See* WIS. STAT. §§ 805.14(5), 805.15(4).  By contrast, § 805.15 allows the trial court "to set aside a verdict" and grant a new trial to obtain a new verdict. *See* § 805.15(1).

¶11     The motions are also evaluated using two different standards, with the standard applied under WIS. STAT. § 805.14 being the "more stringent" of the two.  *Seivert v. American Fam. Mut. Ins. Co.*, 180 Wis. 2d 426, 433-34, 509 N.W.2d 75 (Ct. App. 1993) ("[V]erdicts can be against the great weight of evidence even though supported by credible evidence."); *see also Krolikowski v. Chicago & Nw. Transp. Co.*, 89 Wis. 2d 573, 580, 278 N.W.2d 865 (1979) ("A new trial may be granted in the interest of justice when the jury findings are

contrary to the great weight and clear preponderance of the evidence, even though the findings are supported by credible evidence.").

¶12    Consequently, we evaluate Castillo-Rivera's motion as one for a new trial in the interest of justice made pursuant to WIS. STAT. § 805.15, and we conclude that the applicable standard is whether the jury's verdict is against the great weight and clear preponderance of the evidence.

¶13    "The granting of a new trial is in the discretion of the trial court[.]" *Krolikowski*, 89 Wis. 2d at 580. The trial court properly exercises its discretion "if the trial court sets forth a reasonable basis for its determination that one or more material answers in the verdict are against the great weight and clear preponderance of the evidence." *Id.* at 581. During our review, "[t]his court owes great deference to a court's decision granting a new trial." *Seivert*, 180 Wis. 2d at 431. After a review of the trial court's written decision, we conclude that the trial court did not erroneously exercise its discretion when it granted Castillo-Rivera a new trial in the interest of justice.

¶14    In its written decision, the trial court began by saying that it "reviewed at length each and every video exhibit introduced in this trial and the exhibit submitted with [counsel's] affidavit." The trial court continued, "This case was tried and virtually all post-trial focus has been on Mr. Brown's opportunity and efforts to observe Mr. Castillo-Rivera in the brief moments before the fatal impact …. Were my or the jury's evaluation so limited, I would have little difficulty concluding the verdict should be upheld." The trial court then provided that "[t]he assessment is not and cannot be so limited" because Brown's duty to maintain a proper lookout included more than those brief moments before impact. *See* WIS JI—CIVIL 1055 (defining the duty of lookout).

¶15    Turning to a review of all the evidence prior to those brief moments, the trial court stated that there was evidence—particularly in the form of video footage—that led to the conclusion that Brown "knew or should have known there was some appreciable likelihood" that Castillo-Rivera was waiting at the intersection and Brown failed to make a reasonable effort to become aware of Castillo-Rivera's presence.  Thus, the trial court ordered a new trial in the interest of justice finding that the jury's "no negligence finding as to Mr. Brown is against the great weight and clear preponderance of the evidence" because it "completely disregards" video evidence of the fifteen to twenty second stop period while Brown waited at the intersection.

¶16    Ultimately, we conclude that the trial court's decision sets forth a reasonable basis for its decision, and we cannot conclude that the trial court erroneously exercised its discretion.

¶17    Brown argues that the trial court's reliance on surveillance video in its decision "has rejected the possibility that Brown could be found not negligent" because the surveillance video "will always be true for any retrial."  We disagree.  The trial court clearly stated that it reviewed all the evidence in reaching its decision to grant the motion for a new trial.  The trial court used the surveillance video as a primary indictor that the jury too narrowly construed Brown's duty to maintain a proper lookout, but that does not negate the fact that the trial court reviewed all the evidence in reaching its decision.

¶18    Moreover, "[w]here a trial court orders a new trial in the interest of justice the order must set forth the reasons for so doing in detail or incorporate by reference a memorandum decision that does so."  *Leatherman v. Garza*, 39 Wis. 2d 378, 385, 159 N.W.2d 18 (1968); *see also* WIS. STAT. § 805.15(2) ("Every

order granting a new trial shall specify the grounds therefor.").  Therefore, rather than predetermining the outcome for a subsequent trial, we construe the trial court's order as simply fulfilling the trial court's duty to support its finding that a new trial in the interest of justice is warranted.

## CONCLUSION

¶19    In sum, we conclude that the trial court properly applied the great weight and clear preponderance of the evidence standard to Castillo-Rivera's motion and the trial court did not erroneously exercise its discretion when it granted Castillo-Rivera's motion for a new trial in the interest of justice. Accordingly, the order of the trial court is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.