Brown, Guardian *ad litem,* and another, Respondents, vs. Montgomery Ward & Company, Appellant.

*April 29—June 2, 1936.*

For the appellant there were briefs by *Sanborn, Lamoreux & Pray* of Ashland, attorneys, and *Robert L. Wright* of Chicago, Illinois, of counsel, and oral argument by *Mr. A. T. Pray* and *Mr. Wright*.

For the respondents there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye*.

FAIRCHILD, J. Appellant insists that error was committed in refusing to grant a new trial on the ground that the verdict was the result of passion and prejudice, was perverse, and contrary to the evidence. This contention cannot be upheld. The evidence amply sustains the findings of negligence on the part of appellant, of injury to the child, and of loss resulting to the father. The only matter that can be called in question is the amount of damages to be assessed. As to this particular feature of the case, we note that the trial court did not reach the conclusion that the assessment of damages by the jury was grossly excessive and made in disregard of the evidence. It appears to be a verdict, not perverse, but subject to adjustment under the rule which permits the trial court to give to the plaintiff an election to take an amount as low as an impartial jury, on the evidence and properly instructed, would probably name. *Reykdal v. Miller,* 216 Wis. 561, 257 N. W. 604.

An opinion that the amount allowed by the jury is higher than can be approved by the court does not necessarily suggest a perverse verdict. *Tomasik v. Lanferman,* 206 Wis. 94, 238 N. W. 857. To be such a verdict, there must be something to warrant a finding that considerations ulterior to a reasonably fair application of the judgment of the jury to the evidence, under the instruction by the court, have controlled the jury. The judge's feeling, that sympathy for the child may have "overcome" the jury, may well prompt careful consideration of the verdict, and cause hesitation on the part of the trial court in approving the finding and in ordering judgment. If, however, after due consideration, the court, as it was in this case, is satisfied that the injury to the child is such "that he is entitled to fairly substantial damages," and that the finding of the jury as to damages, which was $5,000, would have been fair and just had it not exceeded $4,000, a conclusion of the trial court against perversity of the verdict cannot be disturbed. We hold, under

the circumstances of this case, that the verdict is one subject to correction under the rule already referred to. Upon this issue there is left only the question as to whether the amount fixed ($3,000) was as low as the rule requires.

The ruling on motions after verdict resulted in an order providing for the exercise of an option by the respondent of accepting a low amount or having a new trial. The amount so fixed by the trial court was $3,000. From the evidence submitted we cannot agree with that determination. A comparison of injury in reported cases with the facts of this case requires the holding that $3,000 is not the minimum which should have been fixed. In view of the necessity of a new trial on this question, we refrain from a discussion of the injuries sustained.

The order provided for a reduction of the damages awarded the father, and we are of the opinion that the amount so fixed was a sufficient compliance with the rule to require an affirmance. The father, having exercised the election granted him by the court, is not now in a position to have a review thereof. *Rasmussen v. Schweizer,* 194 Wis. 362, 216 N. W. 481; *Johnson v. Rudolph Wurlitzer Co.* 197 Wis. 432, 222 N. W. 451; *McKinnon v. Wolfenden,* 78 Wis. 237, 47 N. W. 436. This results in the affirmance of that portion of the judgment which fixes the amount due Leo P. Brown.

In view of what has been said, it is necessary to have a new trial on the question of damages to the minor, Thomas Brown, only. In other respects the ruling of the court below is affirmed.

*By the Court.*—Judgment affirmed in so far as it awards Leo P. Brown, personally, recovery against appellant, and reversed as to Leo P. Brown, guardian *ad litem* for Thomas Brown, with directions to grant a new trial on the question of damages only. Costs on this appeal against the minor, in favor of appellant.