450

BAKER, Appellant, vs. ONSRUD and another, Respondents

*March 15—April 12, 1938.*

For the appellant there was a brief by *Darrell MacIntyre,* and oral argument by *Mr. MacIntyre* and *Mr. J. Philip Koberstein,* both of Madison.

*Alvin M. Loverud* of Stoughton, for the respondents.

NELSON, J.   Upon the motions made, after the coming in of the verdict, the court was of the opinion that the amount of the damages which the jury found the plaintiff had sustained as a result of the assault and battery committed upon him by the defendant, Lawrence Onsrud, was excessive and was not sustained by the evidence.   The court thereupon, in pursuance of the established law of this state, ordered that a new trial be granted unless the plaintiff should elect to remit the excess of the damages found and consent to take judgment for the least amount that an unprejudiced jury, properly instructed, would probably find, or unless the defendant should elect to permit judgment to go against him for the highest amount that an unprejudiced jury, properly instructed, would probably find.   *Baxter v. Chicago & N. W. R. Co.* 104 Wis. 307, 80 N. W. 644; *Heimlich v. Tabor,* 123 Wis. 565, 102 N. W. 10; *Campbell v. Sutliff,* 193 Wis. 370, 214 N. W. 374; *Risch v. Lawhead,* 211 Wis. 270, 248 N. W. 127; *Brown v. Montgomery Ward & Co.* 221 Wis. 628, 267 N. W. 292.   A new trial was not in fact granted,

since the defendant, Lawrence Onsrud, in pursuance of the option given him, elected that judgment might be taken against him for $350.

The plaintiff's appeal is grounded upon the assertion that a new trial was granted. Although an order which grants a new trial is appealable, sec. 274.33 (3), Stats., no such order was made. Judgment should have been entered on the conditional order of the court when the defendant, Lawrence Onsrud, elected to have judgment entered against him before the appeal was taken. Unless an appeal is authorized by statute, no appeal lies. *Witt v. Wonser,* 195 Wis. 593, 219 N. W. 344; *Baxter v. Sleeman,* 196 Wis. 562, 221 N. W. 382; *Appleton v. Greenspon,* 202 Wis. 322, 232 N. W. 598; *Manns v. Marinette & M. P. Co.* 205 Wis. 349, 235 N. W. 426, 238 N. W. 624; *First Wisconsin Nat. Bank v. Carpenter,* 218 Wis. 30, 259 N. W. 836. There is no statute which permits an appeal to this court from an order like the one here. An appeal from an order which is nonappealable confers upon this court no jurisdiction to consider the merits of the appeal, even though the parties consent that this court take jurisdiction, *Hyde v. German Nat. Bank,* 96 Wis. 406, 71 N. W. 659; *Estate of Fish,* 200 Wis. 61, 227 N. W. 272; *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720; *Paraffine Companies v. Kipp,* 219 Wis. 419, 263 N. W. 84, or the respondent fails to raise objection to the appellant's right to appeal. No jurisdiction is conferred upon this court to pass upon the merits, if there is in fact no right of appeal. *Richter v. Standard Mfg. Co.* 224 Wis. 121, 271 N. W. 14, 271 N. W. 914.

Since no appealable order is before us, we can only dismiss the appeal.

*By the Court.*—The appeal is dismissed.