FRONHAEFER, Respondent, vs. RICHTER, Trustee, Appellant.

*February 5—March 11, 1941.*

*A. D. Sutherland* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Barber, Keefe, Patri, Stillman & Nolan* of Oshkosh, and oral argument by *W. Mead Stillman.*

FAIRCHILD, J.   An appeal taken to review an order which is not final in the sense that it precludes further proceedings in the matter in which it is entered, must be dismissed. *Ajax Rubber Co. v. Western Petroleum Co.* 185 Wis. 74, 200 N. W. 668; *A. J. Straus Paying Agency v. Caswell Building Co.* 227 Wis. 353, 356, 277 N. W. 648; *Pessin v. Fox Head Waukesha Corp.* 230 Wis. 277, 282, 282 N. W. 582.   The order here appealed from, as will appear from the recital of facts, is not final for it does not end the controversy to which it relates.   A motion to dismiss the appeal which was renewed upon the argument on the merits must be granted and the appeal must be dismissed.

Judgment of foreclosure and sale was entered upon default against the appellants July 2, 1938.   On October 16, 1939, application was made for an order fixing the time and place of sale.   Following this, and on October 30, 1939, appellants caused a notice of appeal from the judgment to be served.   This appeal was not perfected and was later

dismissed by stipulation of the parties. On January 29, 1940, appellants obtained an order in the circuit court to show cause why the judgment should not be vacated. Upon the hearing in that court an order was entered refusing to vacate the judgment. There was an appeal from that order to this court where the order was affirmed without opinion on October 8, 1940. The order now under attack was made July 18, 1940, and fixed as the time of sale September 14, 1940. That order includes the provision that "if plaintiff in the absence of other bids . . . bid in such mortgaged premises at the sale for the amount of said judgment or for a portion thereof, said plaintiff shall not be required to make any cash payments as provided in the statutes of Wisconsin, subject to further order of the court on confirmation of sale, but shall be permitted to apply said foreclosure judgment in payment of said sales price unless otherwise ordered by the court."

In the record it appears that this appeal is from an order merely fixing the time and place of sale. It is not final as it does not end the controversy to which it relates and thus preclude any further steps therein. The order under scrutiny is but an intervening step between the entering of the judgment and the final order of confirmation of sale. It is so incidental and related to the order of confirmation which must follow that it cannot be considered a final order. An order confirming a mortgage foreclosure sale is an appealable order under sec. 274.33 (2), Stats. *Griswold v. Barden* 146 Wis. 35, 130 N. W. 952.

Unless the statute provides for an appeal, there is none. *Manns v. Marinette & M. P. Co.* 205 Wis. 349, 355, 235 N. W. 426, 238 N. W. 624. And that is true even though the parties consent to give the court jurisdiction or fail to object to the appealability. *Baker v. Onsrud,* 227 Wis. 450, 453, 278 N. W. 870. The supreme court then lacks jurisdiction to consider the merits. *Appleton v. Greenspon,* 202 Wis. 322, 323, 232 N. W. 598; *Jones v. United States F. & G. Co.*

210 Wis. 6, 9, 245 N. W. 650; *McKey v. Egeland,* 222 Wis. 490, 492, 269 N. W. 245.   The attempted review of intermediate orders at a point where delay ought not to be tolerated introduces needless delay and confusion.

*By the Court.*—Appeal dismissed.