IN RE FISH : JAMES and another, Appellants, vs. FISH, Respondent.

*January 17—February 13, 1945.*

For the appellants there was a brief by *Hill, Beckwith & Harrington* of Madison and *Leo P. Lownik* of Richland Center, and oral argument by *Mr. D. V. W. Beckwith* and *Mr. Lownik.*

For the respondent there was a brief by *Lorin L. Kay,* attorney, and *Vernon W. Thomson* of counsel, both of Richland Center, and oral argument by *Mr. Kay.*

FAIRCHILD, J. The question raised is: Does sec. 48.07 (8), Stats., give to petitioners a right of appeal to the circuit court from the order of the juvenile court. The section reads:

"In any case where a child is found, determined or adjudged by the juvenile court to be dependent, neglected or delinquent

or in case of the transfer of the permanent control, care and custody of a child or the termination of the rights of a parent or the parents with reference to such child, appeal may be taken to the circuit court of the same county or if the circuit judge is the judge of the juvenile court, directly to the supreme court. . . ."

The right to an appeal is not a common-law right. Unless the statute provides for an appeal, no right exists. *Fronhaefer v. Richter* (1941), 237 Wis. 282, 296 N. W. 588; *Green Bay v. Saunders* (1941), 237 Wis. 229, 296 N. W. 592; *Witt v. Wonser* (1928), 195 Wis. 593, 219 N. W. 344.

Where a juvenile court act contains the entire procedure relative to dependent or delinquent children and makes no provision for appeal, no appeal can lie. *Marlowe v. Commonwealth* (1911), 142 Ky. 106, 133 S. W. 1137; *Ex parte Januszewski* (C. C. 1911), 196 Fed. 123. The procedure resorted to under the act is a judicial investigation without adversary parties, for the purpose of conducting inquiry, when occasion warrants it, as to the welfare of a child and the manner of a parent's discharge of obligations arising out of that relationship.

In *Ogden v. State* (1916), 162 Wis. 500, 503, 156 N. W. 476, this court said: "We have shown that the juvenile court proceedings are special proceedings for the exercise of the special limited jurisdiction of this court, as conferred by statute, and that its proceedings are not according to the course of the common law. In such cases there is no right of review by writ of error and the parties aggrieved are limited to an appeal as given by statute." The statute provides that an appeal can only be taken "in case of the transfer of the permanent control, care and custody of a child or the termination of the rights of a parent or the parents with reference to such child." Here, there has been no transfer of the control of the child and no termination of the right of the parent with reference to such child. Although it was not necessary to the decision,

the opinion in *In re Willard* (1937), 225 Wis. 553, 275 N. W. 537, suggests that the right of appeal can only be with the parents or guardians whose rights are terminated.

Appellants cite cases which hold that to be constitutional a statute granting a right of appeal must grant it to both parties. But in such cases the parties to a controversy had rights involved which were of equal importance. In this case, in the absence of statute, there is no right on the part of the state or a child-welfare board to be heard further in the proceedings. It has been the legislative policy to deal carefully with parental rights and to interfere only when the welfare of the child demands it. Consequently, the state in granting a limited right of investigation to the juvenile court may protect the paramount interest of the parent by limiting a review to an appeal from any adverse order of the juvenile court affecting such interests.

Here, prompted by the best of motives and without any expectation of plans miscarrying, a situation has developed in which would-be foster parents are suffering disappointment. While in social-welfare work some progress has been made in procedure and technique, still the legislature has always recognized the strong ties springing from natural relationships and the counteracting influences of child upon parent and parent upon child. The circuit court was sympathetically appreciative of the concern of the appellants but correctly ruled against their contention. The right involved in the proceedings is the right of a parent to the custody of her child. This right must be respected and considered paramount until circumstances show that the parent has forfeited it. The appellants, dissatisfied with the juvenile court's decision holding that the mother had not forfeited her rights to the child by abandonment, seek a review of the matter in the circuit court. But such right does not exist.

*By the Court.*—Order affirmed.