Stanley E. BOTHUM, Petitioner-Respondent,

v.

State of Wisconsin, DEPARTMENT OF
TRANSPORTATION, and its Division of Motor
Vehicles, and its Bureau of Driver Licensing,
Respondent-Appellant.

Court of Appeals

*No. 85–1290. Submitted on briefs September 4, 1986—Decided
October 23, 1986.*

(Also reported in 396 N.W.2d 785.)

For the respondent-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Nadim Sahar,* assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *Richard V. Graylow* and *Lawton & Cates* of Madison.

Before Dykman, Eich and Sundby, JJ.

EICH, J. The Department of Transportation appeals from a judgment reversing its denial of Stanley Bothum's application for renewal of his school bus operator's license. The issue is whether the department's rule prohibiting licensure of any person using hypoglycemic medication conflicts with the handicap discrimination provisions of the Fair Employment Act, sec. 111.34, Stats., which require case-by-case evaluation of the relationship between an individual's handicap and the responsibilities of the particular job. We agree with the circuit court that such a conflict exists and that the rule cannot stand. We therefore affirm.

The facts are not in dispute. Bothum has been a busdriver for the Adams-Friendship school district since 1980. In early 1983, he was diagnosed as having diabetes[1] and an oral hypoglycemic agent was prescribed by his physician. Through use of the medication, Bothum

---

[1] Diabetes, like a variety of other diseases, may be considered a physical handicap within the meaning of the Fair Employment Act. *See, e.g., Chicago & N.W.R.R. v. Labor & Ind. Rev. Comm.,* 98 Wis.2d 592, 297 N.W.2d 819 (1980) (epilepsy); *Dairy Equipment Co. v. ILHR Department,* 95 Wis.2d 319, 290 N.W.2d 330 (1980) (one kidney); *Chicago M., St. P. & P. RR. Co. v. ILHR Dept.,* 62 Wis.2d 392, 215 N.W.2d 443 (1974) (asthma); and *Frito-Lay, Inc. v. Labor & Industry Review Comm.,* 95 Wis.2d 395, 290 N.W.2d 551 (Ct. App. 1980), *aff'd,* 101 Wis.2d 169, 303 N.W.2d 668, *cert. denied,* 454 U.S. 884 (1981) ("lazy eye").

was able to control his illness without adverse side effects. As part of the process for renewal of his bus-driver's license in 1985, Bothum disclosed that he was using the medication, and the department denied his application, relying on Wis. Adm. Code, sec. Trans. 110.09(2)(f) (August, 1984), which provides that any person using a hypoglycemic agent "shall be denied licensing." There are no exceptions to the prohibition.

Bothum appealed the denial to a departmental review board, and the board affirmed the department's action, ruling that Bothum, because of the medication he was taking, did not meet the physical standards for school busdrivers.

The circuit court reversed the board, and the department appeals, arguing that the court's ruling effectively repeals sec. 343.12(2)(g), Stats., the statute upon which the department's rule is based. We read the statutes differently.

Section 343.12(2)(g), Stats., requires applicants for school busdriver's licenses to pass a physical examination and authorizes the department to establish "[p]hysical standards to be met" by applicants. Wisconsin Adm. Code, sec. Trans. 110.09(2)(f) (August, 1984), was adopted by the department under this authority. Section 111.34(2), Stats., deals with handicap discrimination and provides in part as follows:

> (a) [I]t is not employment discrimination because of handicap to refuse to ... license any individual ... if the handicap is reasonably related to the individual's ability to adequately undertake the job-related responsibilities of that individual's ... licensure.
>
> (b) In evaluating whether a handicapped individual can adequately undertake the job-related responsibilities of a particular job, membership or

licensed activity, the present and future safety of the individual, of the individual's coworkers and, if applicable, of the general public may be considered. *However, this evaluation shall be made on an individual case-by-case basis and may not be made by a general rule which prohibits the employment or licensure of handicapped individuals in general or a particular class of handicapped individuals.* [Emphasis added.]

The department argues that sec. 343.12(2)(g), Stats. (and the rule adopted thereunder), and sec. 111.34(2), Stats., should be construed so as to give effect to both statutes. It maintains that the only way this can be accomplished is to read sec. 343.12(2) as a special exception to the rule of sec. 111.34(2).

In support of its argument, the department points out that the physical examination provision of sec. 343.12(2), Stats., constitutes one of seven requirements for licensure specified in the statute and that two of those requirements—absence of criminal and traffic convictions—are expressly made subject to the provisions of the Fair Employment Act which prohibit discrimination because of a person's arrest or conviction record. Sections 111.321, .322, and .355, Stats. Asserting that these cross-references were added to sec. 343.12(2) at the same time sec. 111.34(2) was created, the department argues that the rule of *expressio unius est exclusio alterius* compels the conclusion that the legislature intended to exempt the department's establishment of physical standards for school busdrivers from the case-by-case determination requirements of sec. 111.34(2).

The rule of *expressio unius,* although said to be based upon logic and the working of the human mind, is one of statutory construction; it is not a " 'Procrustean standard to which all statutory language must be made

to conform'." *State ex rel. West Allis v. Milwaukee L., H. & T. Co.*, 166 Wis. 178, 182, 164 N.W. 837, 839 (1917), quoting *Black on the Interpretation of Laws* 219 (2d ed.); *see also Columbia Hospital Asso. v. Milwaukee*, 35 Wis.2d 660, 669, 151 N.W.2d 750, 754 (1967). In order to meet the danger that this aid to construction might defeat "the reason and spirit of the [legislative] enactment," there should be some evidence that the legislature intended the exclusion before we will apply the rule in a given case. *Id.*

Here, despite the department's assertion to the contrary, the references to the Fair Employment Act in the two subsections of sec. 343.12(2), Stats., were not added to the statute when sec. 111.34, Stats., was enacted by ch. 334, sec. 17, Laws of 1981. Those references were inserted by the legislature by ch. 125, sec. 10, Laws of 1977. The references were merely revised in 1981 to reflect a renumbering of ch. 111. The fact that the cross-references were in existence for several years prior to the legislature's creation of the case-by-case consideration requirement of sec. 111.34(2) effectively answers the department's argument.

The department also argues that the blanket code provision is a valid standard for licensing school bus-drivers because it bears a rational relationship to the safe transportation of children. No one can dispute that safety concerns are especially important in the regulation of school transportation systems. However, it is for the legislature, not the courts, to balance the various interests at stake; and that body, recognizing the sometimes conflicting need to protect handicapped workers from discriminatory treatment in the workplace, could reasonably rely on a case-by-case method of striking the balance, leaving the department to determine, in each

case, whether the safety concerns surrounding a particular driver's handicap are paramount.

Reading the two statutes together, we conclude that sec. 343.12(2)(g), Stats., empowers the department to establish physical standards for the licensing of school busdrivers, so long as those standards do not constitute a general rule "prohibit[ing] . . . licensure of handicapped individuals in general or a particular class of handicapped individuals," within the meaning of sec. 111.34(2)(b), Stats. The rule under consideration, Wis. Adm. Code, sec. Trans. 110.09(2)(f) (August, 1984), violates both the spirit and letter of sec. 111.34(2) and cannot stand.

*By the Court.*—Judgment affirmed.