Donna J. MANLY, Plaintiff-Respondent,

v.

STATE FARM FIRE & CASUALTY COMPANY,
Diversified Realty Services, Ltd., and Dr.
Donald R. Kahn, Defendants-Appellants.

Court of Appeals

*No. 86–1472. Submitted on briefs November 26, 1986.—Decided
April 9, 1987.*

(Also reported in 407 N.W.2d 306.)

249

For the defendants-appellants the cause was submitted on the briefs of *Mark W. Pernitz* and *Michael P. May* and *Boardman, Suhr, Curry & Field,* of Madison.

For the respondent the cause was submitted on the brief of *Allen D. Reuter* and *Lauri Roman* and *Clifford & Relles, S.C.,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. State Farm Fire and Casualty Company, Diversified Realty Services, Ltd., and Donald R.

Kahn appeal from an order granting respondent, Donna J. Manly, a new trial pursuant to sec. 806.07(1)(h),[1] Stats. The issues are (1) whether the trial court may nonetheless grant a new trial under sec. 806.07(1)(h), after letting the ninety-day time limit of sec. 805.16, Stats.,[2] lapse, and (2) whether we should order a new trial in the interest of justice. We conclude that the trial court lacked authority to order a new trial and because we have no transcript, we cannot exercise our discretion to order a new trial in the interest of justice. We therefore reverse.

The material facts are not in dispute and may be simply stated. Manly, a tenant in an apartment complex, sued the apartment owner, manager and insurer, seeking damages for misrepresentation and negligence. The jury absolved the defendants of all liability.

---

[1]Section 806.07, Stats., provides:

(1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

. . . .

(h) Any other reasons justifying relief from the operation of the judgment.

[2]Section 805.16, Stats., states:

Motions after verdict shall be filed and served within 20 days after the verdict is rendered. The dates for hearing arguments on motions shall be not less than 10 nor more than 60 days after verdict. If an order granting or denying a motion challenging the sufficiency of evidence [under sec. 805.14] or for a new trial [under sec. 805.15] is not entered within 90 days after verdict, the motion shall be deemed denied. Notwithstanding the foregoing, a motion for a new trial based on newly discovered evidence may be made at any time within one year after verdict. Unless an order granting or denying the motion is entered within 30 days after hearing, the motion shall be deemed denied.

Manly timely moved for a new trial pursuant to secs. 805.15(1)[3] and 805.16, Stats. On the ninetieth day after the verdict, the trial court filed a memorandum decision concluding that Manly should be granted a new trial in the interest of justice. However, no order was ever entered. The defendants applied for judgment on the verdict on grounds that no order granting a new trial was entered within ninety days of the verdict, as required by sec. 805.16. The trial court agreed and entered judgment on the verdict.

Manly then sought relief from the judgment. The court vacated the judgment pursuant to the "catch-all" provision of sec. 806.07(1)(h), Stats., and ordered a new trial. The defendants appeal from this order.[4] They argue that the trial court lost its ability to grant a new trial when it failed to enter an appropriate order within ninety days of the verdict, as required by sec. 805.16, Stats., and that this defect cannot be overcome by vacating the judgment and granting a new trial under sec. 806.07(1)(h). We agree.

In *Alberts v. Rzepiejewski,* 18 Wis. 2d 252, 118 N.W.2d 172 (1962), *reh'g denied,* 119 N.W.2d 441 (1963), the supreme court ruled that the time limitations in the predecessor to sec. 805.16, Stats., controlled a motion for relief from judgment under the

---

[3]Section 805.15(1), Stats., provides:

A party may move to set aside a verdict and for a new trial because of errors in the trial, or because the verdict is contrary to law or to the weight of evidence, or because of excessive or inadequate damages, or because of newly-discovered evidence, or in the interest of justice. . . .

[4]It is unnecessary to decide whether this order was final or nonfinal. Our order granting leave to appeal gave us jurisdiction of the case regardless of the order's status.

predecessor to sec. 806.07, Stats. Specifically, the court held that once the sec. 805.16 time limit has expired, the court "is without power to grant a motion setting aside a verdict and grant a new trial under any circumstances." *Id.* at 256–57, 118 N.W.2d at 174, *quoting, Volland v. McGee,* 236 Wis. 358, 363, 294 N.W. 497, 499 (1941). Manly contends that *Alberts* is inapplicable because it has been limited by the language of sec. 806.07(2),[5] to apply only when relief from a judgment is granted because of newly-discovered evidence.

When *Alberts* was decided, the predecessor to sec. 806.07, Stats., sec. 269.46, Stats. (1957), provided that a court could grant relief from a judgment, order, stipulation or other proceeding obtained by a party's mistake, inadvertence, surprise or excusable neglect at any time within one year after notice of entry. Sec. 269.46(1). It also allowed a court to review *any* judgments or orders within sixty days of their entry. Sec. 269.46(3). The present statute, sec. 806.07(2), requires motions for relief be made within a "reasonable time." However, it expressly states that motions brought under sec. 806.07(1)(b)—those based on newly-discovered evidence—must be made within the time set by sec. 805.16, Stats.

---

[5]Section 806.07(2), Stats., provides:

The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. *A motion based on sub. (1)(b) shall be made within the time provided in s. 805.16.* A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court. [Emphasis added.]

■

Manly, relying on a long-standing rule of statutory construction, *expressio unius est exclusio alterius,* argues that this reference to sec. 805.16, Stats., for newly-discovered evidence must mean that the sec. 805.16 time limits do not apply to motions grounded upon the other factors enumerated in sec. 806.07(1), Stats., including the catch-all grounds of sec. 806.07(1)(h). We have noted, however, that the rule, although said to be grounded in logic and the working of the human mind, "is not a 'Procrustean standard to which all statutory language must be made to conform.'" *Bothum v. Department of Transp.,* 134 Wis. 2d 378, 381–82, 396 N.W.2d 785, 786 (Ct. App. 1986), citing *State ex rel. West Allis v. Milwaukee L., H. & T. Co.,* 166 Wis. 178, 182, 164 N.W. 837, 839 (1917). We will not apply the rule absent some evidence that the legislature intended the exclusion. *Bothum,* 134 Wis. 2d at 382, 396 N.W.2d at 786.

In this case, application of the rule would all but nullify sec. 805.16, Stats., and we do not believe such a result could have been intended by the legislature. We reject the argument.

■

There is an important distinction between the two statutes. Section 806.07, Stats., applies generally to relief from judgments, orders and stipulations. It sets forth the general rules for granting such relief, and establishes time limits for bringing the motions. In contrast, sec. 805.15(1), Stats., and its companion, sec. 805.16, apply specifically to motions after verdict in jury cases. In *Gillard v. Aaberg,* 5 Wis. 2d 216, 219–20, 92 N.W.2d 856, 858 (1958), the court noted that:

[Section 270.49(1), Stats. (1957), the predecessor to sec. 805.16] relates to motions "to set aside a verdict and grant a new trial." In our opinion its application is limited to cases where a verdict has been rendered by a jury. To give it a broader construction would not only stretch the term "verdict" beyond the usage common in law, but would also create undesirable conflict with sec. 269.46(3) [the predecessor to sec. 806.07(1)(h)].

We are satisfied that the specific procedures in secs. 805.15 and 805.16 for overturning a jury verdict and ordering a new trial should take precedence over the general provisions of sec. 806.07. As we have said, to rule otherwise would effectively nullify the ninety-day requirement of sec. 805.16.

The parties concede that while the trial court granted Manly a new trial under sec. 806.07(1)(h), Stats., it did so based on its conclusion that she was entitled to a new trial in the interest of justice under sec. 805.15(1), Stats. But once a trial court loses its authority to set aside a verdict for its failure to take action within the time prescribed by sec. 805.16, it cannot achieve the same result by vacating the judgment under sec. 806.07(1)(h). In this case, the court could not use sec. 806.07(1)(h) to circumvent sec. 805.16.[6] We therefore reverse the order and reinstate the June 6, 1986, judgment.

---

[6]Manly cites *State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 363 N.W.2d 419 (1985); *Conrad v. Conrad,* 92 Wis. 2d 407, 284 N.W.2d 674 (1979) (per curiam), and *In Matter of Estate of Smith,* 82 Wis. 2d 667, 264 N.W.2d 239 (1978), to show that the time limitation of sec. 806.07(1)(h), Stats., only requires a motion to be made within a "reasonable time" and should be liberally construed to accomplish justice. We conclude these cases are inappli-

 Manly argues that we should exercise our discretion under sec. 752.35, Stats., to grant a new trial. We cannot consider the question, however, because the record does not contain a trial transcript. In the absence of any record upon which we might base a decision, we are unable to exercise our discretion one way or the other. Under sec. 752.35, we may grant a discretionary reversal when "it appears *from the record* that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried." (Emphasis added.)

 Manly argues that we do not need a record, but may make this determination by relying on the trial court's memorandum decision, citing *Austin v. Ford Motor Co.,* 86 Wis. 2d 628, 638, 273 N.W.2d 233, 237 (1979). *Austin,* however, did not involve the supreme court's exercise of discretion; it dealt only with the court's review of a trial court's discretionary action. Here we are called upon to exercise our own discretion under sec. 752.35, Stats., and that statute requires us to independently review the record before making a determination. *See Jansen Co. v. Milwaukee Area Dist. Board,* 105 Wis. 2d 1, 10–13, 312 N.W.2d 813, 817–18 (1981). In the absence of a transcript we cannot do so.

*By the Court.*—Order reversed; cause remanded with directions to reinstate the June 6, 1986, judgment.

---

cable to Manly's situation. None of the cases involved the use of sec. 806.07(1)(h) to set aside a jury verdict. Thus, the time constraints of sec. 805.16, Stats., never came into operation. *See Alberts,* 18 Wis. 2d at 257, 118 N.W.2d at 174–75 (time constraints for setting aside a verdict do not apply to decisions made by a court sitting without a jury).